**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 10, 2004**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 03-10941

---

DANIELLE PEDERSON

                    Plaintiff - Appellant

v.

CITY OF HALTOM CITY

                    Defendant - Appellee

---

Appeal from the United States District Court
for the Northern District of Texas
No. 4:02-CV-323-A

---

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

    Danielle Pederson appeals the district court's Rule 12(b)(6) dismissal of her 42 U.S.C. § 1983 claims against the City of Haltom City for wrongful incarceration and unconstitutional conditions of confinement.[1]

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [1] For purposes of oral argument, this case was consolidated with twelve similar cases and heard under the name Drake v. City of Haltom City, No. 03-10594.

1

A plaintiff asserting a claim under § 1983 must "(1) allege a violation of rights secured by the Constitution of the United States or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004). In Monell v. Department of Social Services, 436 U.S. 658, 694 (1978), the Supreme Court held that a municipality could be held liable for an injury under § 1983 if the injury was caused by a custom or policy of the municipality.

Pederson alleges that she was confined in the Haltom City jail for twenty-eight days before she was taken before a judge. She argues that the City is responsible because the City has a policy of permitting illegal detentions. In the alternative, Pederson argues that the City is liable because one of its policymakers knew that she was illegally detained and failed to release her. We conclude that, even if Pederson's constitutional rights were violated by her detention, she has not alleged grounds upon which to hold the City liable under § 1983.

Although Pederson now asserts that she was illegally detained in accordance with City policy, her complaint contains no such allegation. Accordingly, Pederson cannot escape the Rule 12(b)(6) dismissal on this ground.

Pederson also contends that the City is liable because Jail Supervisor Nicole Irvin knew of Pederson's prolonged detention but failed either to take her before a judge or to release her.

2

A municipality is not liable for the actions of its agents or employees under a theory of respondeat superior. Monell, 436 U.S. at 691 (1978). But, in certain circumstances, a municipality can be liable for a single action of a municipal policymaker. Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986). Under Pembaur, the City may be liable for Irvin's failure to take Pederson before a judge or to release her only if Irvin was the final policymaker for the City regarding those matters. See id. at 481-84.

Whether a person is a final policymaker for a municipality is a question of state law. Jett v. Dallas Ind. Sch. Dist., 491 U.S. 701, 737 (1989). Pederson's complaint alleges that Irvin "testified under oath that she shares final policy making responsibility for the jail with Chief of Police." But, even if Irvin does exercise some de facto final policymaking authority, that is not enough. See City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1988) (plurality opinion); see also Flores v. Cameron County, 92 F.3d 258, 269-70 (5th Cir. 1996). Pederson also must show that the City's policymakers actually delegated final policymaking authority to Irvin. See Jett v. Dallas Ind. Sch. Dist., 7 F.3d 1241, 1251 (5th Cir. 1993). This Pederson has failed to do. Therefore, we conclude that the City is not liable for Irvin's conduct. See id.

Pederson next alleges that her constitutional rights were violated because she was never informed of her right to counsel,

3

provided with counsel, or provided with a hearing to determine whether she had the means to pay her misdemeanor fines.  We find that these factual allegations, even if true, do not demonstrate that Pederson's constitutional rights were violated; consequently, Pederson has not stated a claim against the City under § 1983.

Pederson's Fifth and Sixth Amendment rights to counsel did not attach while she was detained because she was not interrogated, see Berkemer v. McCarty, 468 U.S. 420, 428-29 (1984), and no adversarial proceedings had commenced against her, see United States v. Gouveia, 467 U.S. 180, 188 (1984); Styron v. Johnson, 262 F.3d 438, 447 (5th Cir. 2001).  Moreover, Pederson has not directed us to any cases holding that a person is entitled to an indigency hearing before being detained.  Cf. Tate v. Short, 401 U.S. 395, 399 (1971) (holding that a defendant cannot be sentenced to jail for failing to pay a fine, when the defendant does not have the means to pay).

Similarly, when she finally appeared before the municipal judge, Pederson's constitutional rights were not violated by the judge's decisions not to appoint counsel and not to conduct an indigency hearing, because the judge did not sentence her to serve time in jail.  See Scott v. Illinois, 440 U.S. 367, 373-74 (1979) (holding that "the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State

4

has afforded him the right to assistance of appointed counsel in his defense (emphasis added)); Tate, 401 U.S. at 399.

Finally, the City is not liable for Pederson's conditions of confinement because the conditions Pederson alleges were not so bad as to violate her constitutional rights.  Cf. Ruiz v. Estelle, 679 F.2d 1115, 1152 (5th Cir. 1982); accord Green v. Ferrell, 801 F.2d 765, 771-72 (5th Cir. 1986).

Accordingly, we AFFIRM the district court's dismissal of Pederson's complaint under Rule 12(b)(6).